I UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **BRIANNA RANDLE** *and* § <br> **SYWAYNE BURGESS,** § <br> § <br> *Plaintiffs*, § <br> § <br> v. § <br> § <br> **THE PNC FINANCIAL SERVICES** § <br> **GROUP,** *et al.*, § <br> § <br> *Defendants*. § | Civil Action No. 4:23-cv-00263-O-BP |

### ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On February 12, 2024, the United States Magistrate Judge made Findings, Conclusions, and a Recommendation (ECF No. 58) in this case. Defendant Cindy Avina filed an Objection (ECF No. 61) on February 26, 2024. Plaintiffs filed an Objection (ECF No. 63) on March 1, 2024. The District Court reviewed the Findings, Conclusions, and Recommendation and the Objections de novo. Finding no error therein, the Court **OVERRULES** the Objections (ECF Nos. 61, 63) and **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge (ECF No. 58).

Defendant Cindy Avina objects to the Magistrate Judge's recommendation—along with the supporting findings and conclusions made pursuant thereto—for the Court to allow Plaintiff Sywayne Burgess's 42 U.S.C. § 1981 claim to proceed against her. *See* Def.'s Objection 1-5, ECF No. 61. "To succeed on a § 1981 claim, a plaintiff must establish '(1) that she is a member of a racial minority; (2) that [the defendant] had intent to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute.'" *Arguello v. Conoco, Inc.*, 330 F.3d 355, 358 (5th Cir. 2003) (quoting *Morris v. Dillard Dep't Stores, Inc.*, 277

F.3d 743, 751 (5th Cir. 2001)). Statutorily enumerated activities under the third element include "the enjoyment of all benefits, privileges, terms, and conditions of [a] contractual relationship." 42 U.S.C. § 1981(b). Here, Defendant Avina objects only to the findings and conclusions made pursuant to elements two and three.

Plaintiffs' pleadings set forth allegations that Defendant Avina refused to serve Plaintiff Burgess—an accountholder at PNC—in his request to withdraw funds from his own bank account, while taking further actions to obstruct the transaction (e.g., calling the police on both Plaintiffs). The pleadings also provide allegations of Defendant Avina's simultaneous declarations that she would not help people like Plaintiffs and did not trust people like Plaintiffs, which she herself confirmed was a reference to black people. At the 12(b)(6) stage, these pleadings plausibly allege that Defendant Avina intended to discriminate against Plaintiff Burgess on the basis of his race and discriminately interfered with his enjoyment of the benefits, privileges, terms, and conditions of a PNC accountholder. In light of the foregoing, the Court determines de novo that Plaintiff Burgess states a plausible claim for relief under § 1981. Defendant Cindy Avina's Objection (ECF No. 61) is **OVERRULED**.

Plaintiffs object to the Magistrate Judge's recommendation for the Court to dismiss their remaining claims against The PNC Financial Services Group, Inc., PNC Bank, NA, Michelle Nowlin, Cindy Avina, Ashley Alvarez, and Karina Chapa (the "PNC Defendants"). *See* Pls.' Objection 1, ECF No. 63. Plaintiffs devote nearly their entire 14-page objection toward responding to Defendant Avina's Objection (ECF No. 61), *see id.* at 2-12, while making a cursory request for the Court conduct a general de novo review of the Findings, Conclusions, and Recommendation, *id.* at 1, 13. Plaintiffs proffer nothing to otherwise rebut the well-grounded findings and conclusions of the Magistrate Judge which support the recommended dismissal of their remaining

claims against the PNC Defendants. *See generally id.* at 1-14. As such, the Court adopts those findings and conclusions and determines de novo that all of Plaintiffs' claims against the PNC Defendants (other than Plaintiff Burgess's § 1981 claim against Defendant Avina) should be dismissed with prejudice. Plaintiffs' Objection (ECF No. 63) is **OVERRULED**.

Accordingly, it is **ORDERED** that the PNC Defendants' Motion to Dismiss (ECF No. 45) should be and is hereby **GRANTED in part** and **DENIED in part**. It is further **ORDERED** that all of Plaintiffs' claims against the PNC Defendants—with the exception of Plaintiff Sywayne Burgess's 42 U.S.C. § 1981 claim against Defendant Cindy Avina—are hereby **DISMISSED with prejudice** to the refiling of the same.

**SO ORDERED** on this **8th day** of **March, 2024**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE