IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **BRIANNA RANDLE and** | § | |
| **SYWAYNE BURGESS,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00263-O-BP |
| | § | |
| **THE PNC FINANCIAL SERVICES** | § | |
| **GROUP,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Motion for Summary Judgment (the "Motion") and brief in support (ECF Nos. 72-73) filed by Defendant Cindy Avina ("Avina"), the Response (ECF No. 90) filed by Plaintiff Sywayne Burgess ("Burgess"), and Avina's Reply (ECF No. 105). This case was automatically referred to the undersigned pursuant to Special Order 3. ECF No. 6. Having considered the pleadings, applicable legal authorities, and summary judgment evidence the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** the Motion (ECF No. 72) and **DISMISS** Burgess's claim.

**I.      BACKGROUND**

This is a case against PNC Bank and certain of its employees for alleged racial discrimination against two of its accountholders, Plaintiffs Burgess and Brianna Randle ("Randle"). Burgess and Randle each had accounts at PNC, and their claims arise out of three interactions they had with the PNC Defendants on December 16 and 21, 2022, and January 27, 2023. ECF No. 42. The Court has dismissed all of Burgess's claims, except for his 42 U.S.C. §

1981 ("Section 1981") claim against Avina for events that took place on December 21, 2022. ECF Nos. 59, 64.

On that day, Burgess visited the PNC bank branch located at 5980 S. Cooper Street, in Arlington, Texas to withdraw $28,000.00 from his account. ECF Nos. 73-1 at 3; 89 at 1. The bank was expecting him and had specially ordered the cash for him, as it did not routinely have that amount of cash on hand to pay to a depositor. ECF No. 73-1 at 3-4. Randle was not a named accountholder on Burgess's account. *Id.* at 4.

For an accountholder to make a cash withdrawal, PNC Bank requires him to present two forms of identification. *Id.* Federal law also requires banks to complete a Currency Transaction Report ("CTR") for withdrawals of more than $10,000.00. *Id.* Burgess refused to provide identification. *Id.* at 4. Randle attempted to answer some questions on Burgess's behalf, but because she was not a named accountholder, the answers "needed to come from Mr. Burgess[.]" *Id.* Burgess and Randle assert that these questions confused them, and they found them to be duplicative and unnecessary. ECF No. 89 at 2-3, 37.

Plaintiffs became frustrated, and the situation intensified. *Id.*; ECF No. 73-1 at 4-5. So, Avina "stepped in to try to de-escalate [it] and told Mr. Burgess that he just needed to answer the questions and [the bank] could complete the transaction." ECF No. 73-1 at 4-5. Avina further offered to provide a copy of an informational sheet that explained why the bank needed the CTR information. *Id.* at 5. Randle stepped away for a moment, and Avina began to make progress with Burgess directly. *Id.* Randle returned, belligerent, and began threatening Avina and her coworkers with violence and litigation and accusing them of being racist. *Id.*; *see also* ECF No. 89 at 6-11. Randle denies that she made such threats in her affidavit. ECF No. 89 at 40. Avina stepped away

2

and called the PNC loss prevention department. ECF No. 73-1 at 5. Randle and another employee called the police, and officers arrived to calm the parties. ECF Nos. 73-1 at 3; 89 at 3, 6, 39-40.

Burgess testifies in his Affidavit that during the Plaintiffs' interaction he told Avina that he did not trust her with his credentials. ECF No. 89 at 2. Avina replied that she did not trust "people like y[']all," and that she clarified that by "people like y'all," she meant African Americans. *Id*. Randle's Affidavit states that she overheard Avina say that she would "make sure [that the Plaintiffs] don't get the money," and told her coworker to watch her desk to make sure that Burgess did not steal anything. ECF No. 89 at 38, 39. Avina denies saying these things. ECF No. 73-1 at 5.

After "the situation had de-escalated[, Burgess] provided all of the required information," and Avina completed his transaction. *Id.* at 5. Avina testified that she "was prepared to assist Mr. Burgess with his transaction" and that she initially "took the cash from the vault and gave [it]" to her coworker for further processing to facilitate the transaction. *Id.* at 4. She denies attempting to prevent Burgess from completing his transaction because of his race and testified that she only "stopped the transaction because Ms. Randle threatened [her] and [her] colleagues with physical violence." *Id.* at 5. She further testified that she "did not discriminate against Mr. Burgess because of his race." *Id.*

## II.   EVIDENTIARY OBJECTIONS

As a preliminary matter, Avina objects to several of Burgess's exhibits. ECF No. 105 at 5-10. Summary judgment evidence "need not be authenticated or otherwise presented in an admissible form[,]" if it can be made admissible for trial. *Maurer v. Indep. Town*, 870 F.3d 380, 384 (5th Cir. 2017) (citing Fed. R. Civ. P. 56(c)(2)). Courts view summary judgment evidence in the "light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co., Ltd., v.*

*Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). Additionally, the Court subjects the pleadings of *pro se* parties to less rigid analysis than those of a party represented by counsel. Courts must hold "a *pro se* complaint, 'however inartfully pleaded,' . . . to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

      **A.**      **The Court overrules Avina's objections to Burgess's and Randle's affidavits.**

Avina objects to the "Affidavit of Mr. Burgess and Ms. Randle" ("Burgess's Affidavit") and "Brianna Randle Witness Statement and Affidavit" ("Randle's Affidavit"). ECF No. 105 at 4, 8. Avina argues that neither affidavit complies with Federal Rule of Civil Procedure 56(c)(4), that the affidavits are self-interested, and questions the authenticity of the notary's signature on Randle's Affidavit. An affidavit "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant . . . is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). The Court finds that Burgess could offer the testimony contained in the affidavits in an admissible form. Although both Burgess and Randle signed Burgess's Affidavit, its opening paragraph as well as the body of the affidavit indicate that Burgess authored it. ECF No. 89 at 1-5. Moreover, even if this affidavit contained Randle's testimony, Burgess could easily present Randle's testimony in admissible form by calling her as a witness at trial. For the same reason, the Court overrules Avina's objection to the notary's blurry signature on Randle's Affidavit.

Avina also argues that the Court should ignore the Affidavits because they are self-serving. ECF No. 105 at 4. While she is correct that "[s]elf-serving allegations are not the type of significant probative evidence required to defeat summary judgment," this does not render them inadmissible for summary judgment purposes. *Kariuki v. Tarango*, 709 F.3d 495, 505 (5th Cir. 2013). "Where

4

self-interested affidavits are otherwise competent evidence, they may not be discounted just because they happen to be self-interested." *Guzman v. Allstate Assurance Co.*, 18 F.4th 157, 160-61 (5th Cir. 2021) Indeed, "'self-serving' affidavits and depositions may create fact issues even if not supported by the rest of the record." *Id.* Judges may not evaluate the credibility of a self-serving affidavit at the summary judgment stage. *Id.* (citing *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d at 1263. "Rather, self-serving affidavits must only comport with the standard requirements of Federal Rule of Civil Procedure 56." *Id.* As discussed above, the Court finds that these affidavits do. Accordingly, the Court **OVERRULES** Avina's objections to Burgess's and Randle's affidavits.

### B. The Court sustains Avina's objections to Burgess's video summary exhibits and her relevancy objections.

Avina disputes the exhibits titled (1) "PNC Call to 911 on December 21, 2022"; (2) "Avina and Burgess Video Prior to Police"; (3) "Dixon Body Worn Camera 1"; (4) "Dixon Body Worn Camera 2"; (5) "Plaintiffs Independent Witness Video"; (6) "Plaintiffs Independent Witness Video 2"; (7) "Plaintiffs Independent Witness Video 3"; and (8) "PNC Interferes with Plaintiff's Contractual Relationship." ECF No. 105 at 5-8. Each exhibit is a screenshot of a video, accompanied by summaries of the contents. ECF No. 89 at 26, 27, 28, 29, 30, 31, 32, 33.

Under Federal Rule of Evidence 1002, "[a]n original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise." Burgess did not offer as summary judgment evidence the original videos underlying these exhibits, so they are inadmissible. The Court finds that Burgess's summaries are incapable of being made admissible at trial. Moreover, "Plaintiffs Independent Witness Video 2," "Plaintiffs Independent Witness Video 3," and "PNC Interferes with Plaintiffs Contractual Relationship" purport to show

5

evidence that is irrelevant to Burgess's Section 1981 claim. Accordingly, the Court **SUSTAINS** Avina's objections to the video summary exhibits.

Avina also objects to the Court's reliance on "Randle's 12-22-22 Walk In Appointment" and "CAD Report January 27, 2023." ECF No. 105 at 5, 8. As Avina states, Randle has no claims against Avina, so her medical appointments are irrelevant to Burgess's claim against Avina. ECF Nos. 59; 105 at 8. Also, "CAD Report January 27, 2023" is not relevant to Burgess's Section 1981 claim against Avina for an altercation that took place on December 21, 2022. The Court therefore **SUSTAINS** Avina's objection to these exhibits.

      C.      **The Court overrules Avina's objections to the December 21 police report.**

Avina objects to "CAD Report December 21, 2022" because it is unauthenticated and contains hearsay. ECF No. 105 at 4. Liberally construing Burgess's pleadings and viewing the evidence in the light most favorable to him, the undersigned finds that the evidence is capable of authentication and likely satisfies either the records of a regularly conducted activity or the public records exception to the rule against hearsay. Fed. R. Evid. 803(6)(8); *see generally* Tex. Gov't Code § 552.001 (providing the public the right to access government information). Moreover, Avina herself relies on the same document in her Motion. ECF No. 73 at 10-11. The Court therefore **OVERRULES** Avina's objections to this exhibit.

      D.      **The Court overrules Avina's remaining objections.**

Avina objects to Burgess's use of (1) "Declaration of Cindy Avina"; (2) "Docket 58 Magistrate Judge Decisions pg. 1-4"; and (3) "Docket 59 Judge O'Connor's Accepting of Magistrate Findings" under Federal Rule of Evidence 1002. ECF No. 105 at 5. The parties do not dispute the truth of these materials and the undersigned does not rely on these exhibits in entering findings, conclusions, and a recommendation on the Motion. The Court therefore **OVERRULES**

Avina's objection to these exhibits as **MOOT**. The Court also does not reach the issue of damages and does not rely on Burgess's exhibit titled "Counseling Expenses." Therefore, the Court **OVERRULES** Avina's objection to it as **MOOT**.

## III.     LEGAL STANDARD

### A.     Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is proper when the pleadings and evidence illustrate that no genuine issue exists as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Slaughter v. S. Talc Co.*, 949 F.2d 167, 170 (5th Cir. 1991). Disputes concerning material facts are "genuine" if, based on the evidence, "a reasonable jury could return a verdict for the nonmoving party." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is "material" if it might affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248; *Burgos v. Sw. Bell Telephone Co.*, 20 F.3d 633, 635 (5th Cir. 1994). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-25 (1986)).

When a movant carries its initial burden, the burden then shifts to the nonmovant to show that the entry of summary judgment is inappropriate. *Celotex*, 477 U.S. at 322-24; *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Although the nonmovant may satisfy this burden by tendering depositions, affidavits, and other competent evidence, "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden[.]" *Douglass*, 79 F.3d at 1429. Further, merely colorable evidence, evidence not

significantly probative, or only a scintilla of evidence will not defeat a motion for summary judgment. *Anderson*, 477 U.S. at 249-250, 252; *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994).

Courts view summary judgment evidence in the "light most favorable to the party opposing the motion." *Matsushita*, 475 U.S. at 587; *Rosado*, 5 F.3d at 123. And factual controversies are resolved in favor of the nonmovant, but only when "both parties have submitted evidence of contradictory facts," thus creating an actual controversy. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In the absence of any proof, however, the Court does not assume that the nonmovant could or would prove the necessary facts. *Id.*

In making its determination on the motion, the Court "need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c). But "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. "[S]ummary judgment is appropriate when 'the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.'" *Edwards v. Oliver*, 31 F.4th 925, 929 (5th Cir. 2022) (quoting *Celotex*, 477 U.S. at 323).

### B.    Section 1981 Standard

Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts[.]" § 1981(a). The statute defines "[m]ake and enforce contracts" as "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." § 1981(b); *Arguello v. Conoco, Inc.*, 330 F.3d 355, 359 (5th Cir. 2003).

**III.    ANALYSIS**

The analysis of a discrimination claim under Section 1981 "is identical to the analysis of" its Title VII equivalent. *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017); *Jones v. Gulf Coast Rest. Grp., Inc.*, 8 F.4th 363, 368 (5th Cir. 2021). Discrimination claims under Title VII "are subject to the *McDonnell Douglas* burden-shifting framework." *Jones*, 8 F.4th at 368; see *also Harrington v. Harris*, 118 F.3d 359, 367-68 (5th Cir. 1997) (applying the *McDonnell Douglas* framework to a Section 1981 claim). Under that standard, Burgess must first prove a prima facie case of discrimination. *Id.*; *Bellows*, 118 F.3d 268, 274. If he does so, Avina must articulate a "legitimate, nondiscriminatory" reason for her actions. *Turner v. Kansas City Southern Ry. Co.*, 675 F.3d 887, 900 (5th Cir. 2012). Burgess must then show "that [Avina's] proffered explanation is false or unworthy of credence." *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003) (internal quotation marks and citation omitted).

    **A.    The Court assumes that Burgess has established a prima facie case of intentional discrimination, and the Court finds that Avina articulated a legitimate, nondiscriminatory reason for her actions.**

In the commercial context, a plaintiff seeking to establish a prima facie case under Section 1981 "must show that (1) he or she is a member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 289 (5th Cir. 2004). "[W]hen a merchant denies service or outright refuses to engage in business with a consumer attempting to contract with the merchant, that is a violation of [Section] 1981." *Causey*, 394 F.3d at 290 (5th Cir. 2004). The burden for establishing a prima facie case is "very minimal," so the Court assumes, without deciding, that Burgess has established a prima facie case of intentional discrimination. *See Sun v. TETRA Techs., Inc.*, No. 4:20-CV-04171, 2022 WL

9

10177681, at *3 (S.D. Tex. Oct. 17, 2022) (quoting *Nichols v. Loral Vought Sys. Corp.*, 81 F.3d 38, 41 (5th Cir. 1996)), *rec. adopted*, No. 4:20-CV-04171, 2022 WL 17170865 (S.D. Tex. Nov. 22, 2022), *aff'd*, No. 22-20646, 2023 WL 6892227 (5th Cir. Oct. 19, 2023).

If the defendant "produces any evidence 'which, taken as true, would permit the conclusion that there was a nondiscriminatory reason for' her actions, then she has satisfied her burden of production." *Daigle v. Liberty Life Ins. Co.*, 70 F.3d 394, 396 (5th Cir. 1995) (quoting *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 509 (1993)); *see also Baker v. Wal-Mart Stores E., LP*, No. 1:19-CV-789-KS-RPM, 2021 WL 4050850, at *8 (S.D. Miss. Aug. 12, 2021), *aff'd sub nom. Baker v. Wal-Mart Stores E.*, No. 21-60696, 2022 WL 1078030 (5th Cir. Apr. 11, 2022). Here, Avina testified that she initially did not complete the transaction with Burgess because Randle "threatened [her] and her colleagues with physical violence." ECF No. 73-1 at 3. Once the situation de-escalated and Burgess complied with PNC Bank's information policy, Avina completed the transaction. *Id.* This permits "the conclusion that there was a nondiscriminatory reason for" her action. *Daigle*, 70 F.3d at 394. Although Burgess contends that Randle did not threaten PNC Bank's employees (ECF Nos. 88 at 27; 89 at 40), that is irrelevant at this stage of the analysis, which requires only that Avina produce some evidence of a nondiscriminatory reason for her action.

### B. Burgess has not shown that Avina's proffered reason for momentarily stepping away from the transaction was pretextual.

At this step of the analysis, Burgess "must substantiate his claim of pretext through evidence demonstrating that discrimination lay at the heart of" Avina's actions. *Price v. Fed. Exp. Corp.*, 283 F.3d 715, 720 (5th Cir. 2002); *see also Baker*, 2021 WL 4050850, at *8. He may establish pretext through evidence of disparate treatment or by showing Avina's explanation to be false or unworthy of credence. *Jones*, 8 F.4th at 368 (citing *Watkins v. Tregre*, 997 F.3d 275, 283

10

(5th Cir. 2021)). But he must produce "substantial evidence" of pretext. *Id.* at 369 (citing *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 220 (5th Cir. 2001)). "In deciding whether summary judgment is warranted, a court should consider, among other things, 'the probative value of the proof that the [defendant's] explanation is false' and 'any . . . evidence that supports the [plaintiff's] case.'" *Id.* (citing *Brown v. Wal-Mart Stores E., L.P.*, 969 F.3d 571, 577-78 (5th Cir. 2020)).

Much of the evidence boils down to a swearing match between Plaintiffs and Avina, but Burgess has not offered evidence to show that Avina's explanation of her conduct was pretextual. Avina claims that Randle threatened the PNC Bank employees, which Burgess denies, and Burgess claims that Avina made racist comments and said she would make sure that he did not receive his money, which Avina denies. ECF Nos. 73-1 at 5; 88 at 27; 89 at 40. But the police report shows that Randle was uncooperative with the police, causing a disturbance with the bank employees, was "rude," "condescending," and argumentative towards the bank employees, and that the bank employees were prepared to complete the transaction once Burgess, the accountholder, provided the necessary information. ECF No. 89 at 6, 10. This supports Avina's evidence of lack of pretext and belies Burgess's claim that the police presence "force[d]" the bank to complete the transaction. ECF No. 89 at 3. And, taken with the fact that Avina completed the transaction herself (ECF No. 73-1 at 5), the summary judgment evidence demonstrates that Avina's reason for pausing the transaction was not pretextual.

Specifically, Avina was unable to process Burgess's transaction so long as he refused to comply with PNC Bank policy. This led to a verbal altercation among the parties. As emotions intensified, Avina reasonably stepped aside to wait for the law enforcement officers, whom Randle also had called, to arrive at the scene. ECF No. 89 at 6, 40. The police helped to calm the situation

when they arrived at the bank. ECF No. 73-1 at 5. Burgess then provided the necessary information, and Avina completed the transaction. *Id.* The preponderance of the evidence demonstrates that Avina did not deny Burgess service because of his race. Accordingly, the Court should **GRANT** summary judgment in Avina's favor.

### C. Burgess's request for summary judgment is untimely.

In his response, Burgess appears to seek summary judgment himself. ECF No. 88 at 34 To the extent that he does, his request is untimely. Under the Scheduling Order, all dispositive motions were to be filed on or before April 1, 2024. ECF No. 35. Plaintiff did not file a dispositive motion by April 1, 2024, and he did not seek leave to do so after the deadline. The Court should **DENY** Burgess's motion as untimely. *See Lester v. Wells Fargo Bank, N.A.*, 805 F. App'x 288, 293 (5th Cir. 2020) ("Because [the plaintiff] never sought an extension of time for filing her cross-motion for summary judgment and filed that motion 37 days after the deadline, the district court did not abuse its discretion by denying the motion as untimely.")

## IV.   CONCLUSION

Avina has articulated a legitimate, non-discriminatory reason for stepping away from the transaction, and Burgess has not shown that it was pretextual. Therefore, no genuine issue exists as to any material fact, and Avina is entitled to judgment as a matter of law. Accordingly, the undersigned **RECCOMENDS** that Judge O'Connor **GRANT** Avina's Motion (ECF No. 72) and enter judgment in her favor, **DISMISS** Burgess's Section 1981 claim, and **DENY** Burgess's cross motion for summary judgment.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an

objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on July 9, 2024.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE