IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BRIANNA RANDLE and SYWAYNE BURGESS, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:23-cv-00263-O-BP |
| THE PNC FINANCIAL SERVICES GROUP, *et al.*, | § § § | |
| Defendants. | § § | |

**<u>ORDER</u>**

Before the Court are the Amended Complaint (ECF No. 42) filed by Plaintiffs Sywayne

Burgess ("Burgess") and Brianna Randle ("Randle"), the Motion to Dismiss Randle's claim (the

"Motion") and brief in support filed by Defendant FNU Dixon ("Dixon") (ECF No. 86), Randle's

Response (ECF No. 106), and Dixon's Reply (ECF No. 112). The Court refers to Burgess and

Randle collectively as "Plaintiffs."

Randle also filed what the Court construes as a motion for leave to file a sur-reply (ECF

No. 116), which Dixon opposes (ECF No. 117). Sur-replies are highly disfavored. *See Sw. Insul.*

*Inc. v. Gen. Insul. Comp.*, No. 4:15-cv-601-O, 2016 WL 9244824, at *1 (N.D. Tex. June 6, 2016).

Courts only permit them in "exceptional or extraordinary circumstances[,]" such as "where a party

raises arguments or presents evidence for the first time in a reply brief." *Id.* (collecting cases).

Dixon did not introduce any new information in his reply brief to warrant Randle's request for a

sur-reply, and the Court finds that no other extraordinary circumstances exist. The Court therefore

**DENIES** Randle's motion for leave to file a sur-reply (ECF No. 116).

After considering the pleadings and the applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** the Motion and **DISMISS** Randle's claims against Dixon.

## I.    BACKGROUND

### A.    Procedural History

In their Original Complaint, Plaintiffs sued several defendants related to PNC Bank. ECF No. 1. In their Amended Complaint, they added claims against several police officers as well as the Arlington Police Department (collectively the "Police Defendants"). ECF No. 42. By Order dated March 21, 2023, the Court granted Plaintiffs' Applications to Proceed in District Court Without Prepaying Fees or Costs (ECF Nos. 2-3), subject to judicial screening under 28 U.S.C. § 1915. ECF No. 8. To better evaluate Plaintiffs' allegations, the Court ordered Plaintiffs to answer a Questionnaire concerning the Police Defendants. ECF No. 49. Plaintiffs filed their Response to the Questionnaire on January 10, 2024. ECF No. 53. The Court subsequently dismissed all of Plaintiffs' claims, except for Burgess's 42 U.S.C. § 1981 claim against Cindy Avina and Randle's claims against Dixon in his individual capacity. ECF Nos. 59, 64.

Dixon asserts qualified immunity in his Motion. ECF No. 86. In response, Randle alleges a slew of new facts. ECF No. 106. Courts may only rely on allegations made in the pleadings, and they may not consider allegations raised for the first time in a response to a motion. *Coleman v. Saul*, No. 3:19-CV-2198-K-BT, 2021 WL 1117167, at *5 (N.D. Tex. Mar. 24, 2021). Consequently, the Court liberally construed Randle's response as a motion for leave to amend her pleadings, which it granted. ECF No. 111. The Court ordered her to file a second amended complaint that set forth a short and plain statement consisting of plausible, non-conclusory factual allegations supporting her claim against Dixon on or before July 19, 2024. *Id.* The Court warned Randle "that

failure to fully comply with this Order may result in a recommendation that the Court . . . rule on Officer Dixon's Motion (ECF No. 86) without considering the facts raised in Randle's Response (ECF No. 106)." To date, Randle has not complied with the Court's Order (ECF No. 111), nor has she sought an extension. Accordingly, the Court only considers the facts raised in the Amended Complaint and Plaintiff's Answers to the Court's Questionnaire. ECF Nos. 42, 53.

### B.    Factual Allegations

On December 21, 2022, Plaintiffs went to PNC Bank to make a withdrawal. ECF No. 42 at 7-8. Plaintiffs and the bank employees got into a heated exchange that culminated in both parties calling the police. ECF No. 42 at 9-12; *see also* ECF No. 58 at 1-4. Officer Dixon responded to the calls. ECF Nos. 42 at 11-12; 53 at 1, 4. After speaking with Plaintiffs and the bank employees, Dixon stepped outside "to discuss the incident with another officer" in Dixon's vehicle. ECF No. 42 at 11. Randle approached the vehicle "to ask questions and explain." *Id.* Dixon did not see her at first, so Randle tapped on the window. *Id.* Randle alleges that Dixon "intentionally[,] recklessly[,] and knowingly . . . opened his car door wider than necessary and . . . hit her in the stomach . . . with the door." ECF No. 53 at 1. Randle, who was several months pregnant at the time, alleges that he did so "without allowing her to excuse herself if she was able to in the swift moment he opened the door[.]" *Id.* Randle made an "emergency" visit to the hospital the next day "due to the actions of all the defendants." ECF No. 42 at 11, 13.

## II.    LEGAL STANDARDS

### A.    Pro Se Standard

The Court subjects the pleadings of *pro se* parties to less rigid analysis than those of a party represented by counsel. Courts must hold "a *pro se* complaint, 'however inartfully pleaded,' . . . to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S.

97, 106 (1976) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, "even a liberally-construed *pro se* . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825-26 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976).

### B.    Rule 12(b)(6) Dismissal for Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Rules require that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). A complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Additionally, Rule 12(b)(6) authorizes a court to dismiss frivolous claims. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Where the plaintiff proceeds in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal--[] is frivolous or malicious[.]" 28 U.S.C.A. § 1915(e)(2)(B)(i) A complaint is frivolous if it lacks an arguable

4

basis in law or fact. *Neitzke*, 490 U.S. at 325. "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (internal quotation marks omitted). Baseless allegations include those that are fanciful, fantastic, delusional, irrational, or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). The statute gives judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 32 (citing *Neitzke*, 490 U.S. at 327).

### C.    Qualified Immunity

"Qualified immunity shields government officials performing discretionary functions from liability unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *Gibson v. Rich*, 44 F.3d 274, 277 (5th Cir. 1995). "[T]he immunity issue must be resolved at the earliest possible stage of the litigation since it entails an entitlement to immunity from suit and not merely a defense to liability." *Id.* (citing *Hunter v. Bryant*, 502 U.S. 224, 226 (1991)). Since the motion to dismiss stage is the earliest possible stage of litigation, the issue of qualified immunity must be decided then if properly raised. *See Carswell v. Camp*, 37 F.4th 1062, 1067-68 (5th Cir. 2022).

"A public official is entitled to qualified immunity unless the plaintiff demonstrates that (1) the defendant violated the plaintiff's constitutional rights and (2) the defendant's actions were objectively unreasonable in light of clearly established law at the time of the violation." *Porter v. Epps*, 659 F.3d 440, 445 (5th Cir. 2011). To be "'clearly established,' the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates the right." *Anderson v. Creighton*, 483 U.S. 635 (1987). "Both steps in the qualified immunity

analysis are questions of law." *Wyatt v. Fletcher*, 718 F.3d 496, 503 (5th Cir. 2013). The Court may decide which prong to address first. *See Pearson v. Callahan*, 555 U.S. 223, 242 (2009). A good-faith assertion of qualified immunity alters the usual burden of proof, "shifting it to the plaintiff to show that the defense is not available." *Ratliff v. Aransas Cnty.*, 948 F.3d 281, 287 (5th Cir. 2020).

### D.    Dismissal With or Without Prejudice

There exists a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). As a result, courts generally allow plaintiffs at least one opportunity to amend their pleadings. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329-30 (2002). Nonetheless, a court may appropriately dismiss an action with prejudice if it finds that the plaintiff has alleged his best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). Likewise, a court may dismiss a complaint with prejudice, thus foreclosing the plaintiff's opportunity to amend, whenever amendment of the pleadings would be futile. *See Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016).

## III.    ANALYSIS

### A.    Randle has not pleaded sufficient facts to defeat Dixon's qualified immunity defense.

Liberally construed, Randle brings an excessive force claim against Dixon. ECF Nos. 42, 53. Courts analyze excessive force claims under the Fourth Amendment's objective reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 388 (1989). "To allege the violation of a constitutional right based on excessive force, a plaintiff must show (1) an injury (2) which resulted directly and only from the use of force that was clearly excessive to the need and (3) the force used was objectively unreasonable." *Hale v. City of Biloxi, Miss.*, 731 F. App'x 259, 262 (5th Cir. 2018) (citation and internal quotation marks omitted).

6

Randle does not allege an injury. She only asserts that she "was concerned about the hit and made an emergency visit the next day." ECF No. 42 at 11. Neither does she allege that Dixon directly and solely caused any injury. *Id.* at 12 ("Randle was distressed[,] and in the hospital due to the actions of *all* [the] defendants." (emphasis added)). Moreover, Randle's allegations that Dixon acted objectively unreasonably are conclusory and do not make her excessive force claim plausible on its face as required by *Twombly*. Additionally, Randle did not overcome the second prong of Dixon's qualified immunity defense, because although Randle generally outlines the qualified immunity standard correctly, she cites to no controlling authority showing that Dixon's actions violated clearly established law. Thus, even if the Court were to consider her untimely factual allegations, she still does not overcome Dixon's qualified immunity. Accordingly, Judge O'Connor should **GRANT** the Motion (ECF No. 86) and **DISMISS** Randle's excessive force claim.

> **B.    To the extent that Randle seeks to assert a state law claim, the Court should decline to exercise supplemental jurisdiction.**

Liberally construed, Randle also appears to bring a state-law battery claim against Dixon. ECF Nos. 42, 53. Having recommended that Judge O'Connor dismiss Plaintiffs' other remaining claims (*see* ECF No. 110), the undersigned further recommends that he decline to exercise supplemental jurisdiction over any state law claims Randle seeks to bring against Dixon. Pursuant to 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction over a remaining claim after it "has dismissed all claims over which it has original jurisdiction." In this case, Randle's remaining battery claim against Dixon sounds in Texas tort law, and she has not alleged a separate jurisdictional basis for the Court to consider it. Accordingly, Court should decline to exercise supplemental jurisdiction over Randle's remaining claim against Dixon and **DISMISS** it **without prejudice** to Randle's right to bring it in state court.

In her response, Randle appears to seek summary judgment. ECF No. 106 at 13. To be entitled to summary judgment, Randle would have to show that there is no genuine issue of material fact and that she is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. But because she did not overcome Dixon's qualified immunity defense, Randle has not shown that she is entitled to judgment as a matter of law. Accordingly, the Court should **DENY** Randle's request.

## IV.    CONCLUSION

Randle has not presented facts to show that Dixon violated clearly established law, so she has not overcome his qualified immunity defense. Accordingly, the undersigned **RECCOMENDS** that Judge O'Connor **GRANT** Dixon's Motion (ECF No. 86), **DISMISS** Randle's excessive force claim, **DISMISS** her state-law battery claim **without prejudice** to her right to refile it in state court, and **DENY** her request for summary judgment.

 A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415,

1417 (5th Cir. 1996) (en banc), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1)

(extending the time to file objections to 14 days).

It is **SO ORDERED** on August 1, 2024.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE